

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,233-01

### EX PARTE DUSTIN RICHARD EARLY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 11663 IN THE 354TH DISTRICT COURT FROM HUNT COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to possession of a controlled substance with intent to deliver and was sentenced to twenty years' imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c). Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective for failing to challenge the trial court's improper cumulation of his sentence in this case with his sentence in Cause No. 32892CR. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013).

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. See TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make specific findings as to whether the plea agreement specified the sentences in Cause Nos. No. 32894CR and 32892CR would run consecutively or concurrently. The trial court shall also make specific findings as to whether the offenses in Cause Nos. No. 32894CR and 32892CR arose out of the same criminal episode prosecuted in a single criminal action, and if so, whether the trial court incorrectly ordered those sentences to run consecutively. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, the plea papers, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. See TEX. R. APP. P. 73.4(b)(4). Any extensions of time

must be requested by the trial court and obtained from this Court.

Filed: November 10, 2021
Do not publish